IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

UNITED STATES OF AMERICA

v.

STANLEY D. PARTMAN
a/k/a Goat

CR. No. 3:11-2063-JFA-10

**ORDER**

This matter comes before the Court on motion of the defendant to disqualify the jury panel in the above-captioned case. *See* Mot. Disqualify, ECF No. 742. In particular, defendant was in pretrial detention on October 18, 2012, the date on which the Court held voir dire. The defendant alleges that during voir dire, he appeared in court wearing a "Detention Center jumpsuit" which was visible to members of the jury panel. According to the defendant, his attire unduly prejudiced him with the jury panel sworn on that day. *See Estelle v. Williams*, 425 U.S. 501, 504–05 (1976) (suggesting that knowledge by the jury at trial that the defendant is in custody may impair the presumption of innocence). The Court has carefully reviewed the memoranda of counsel and considered the arguments presented at the hearing on this motion held on November 21, 2012. For the following reasons, the Court denies the defendant's motion.

First, defendant has not shown that the jury panel's potential observation of his red pants actually prejudiced him. In *United States v. Leon*, 33 Fed. App'x 690 (4th Cir. 2002), the Fourth Circuit stated that where a jury has knowledge the defendant is in custody, the defendant must show actual prejudice as a result of such knowledge. *Id.* at 691 (citing *United States v. West*, 877 F.2d 281, 287–88 (4th Cir. 1989)). In this regard, "[a]ctual prejudice is shown if the defendant can establish an unreliable or fundamentally unfair outcome to his proceeding." *Id.* (citing *United States v. Squillacote*, 221 F.3d 542, 575 (4th Cir. 2000)). In at least two previous cases

with similar facts, the Fourth Circuit has failed to find actual prejudice. *See, e.g.*, *United States v. Jackson*, 423 Fed. App'x 329, 331 (4th Cir. 2011) (concluding that the jurors' "brief and inadvertent observation" of a defendant in "his jail jumpsuit and shackles" while being transported to the courthouse on the second day of trial did not amount to prejudice requiring reversal of the defendant's conviction); *Leon*, 33 Fed. App'x at 690–91 (finding that the defendant failed to show actual prejudice where "the jury observed him arriving in the courtroom in the company of the United States Marshals and from the holding area where his co-conspirators were kept").

The facts in the cases cited above, in which no prejudice was found, are arguably more egregious than those in this case. Here, members of the jury panel did not see the defendant wearing an entire jumpsuit. The "jumpsuit" at issue in this case is a two-piece set of prisoner attire, including red pants and a red shirt. Defendant's counsel provided him a long-sleeved, button-down, collared shirt, which he wore instead of (or completely covering) the red shirt. Defendant left the collared shirt untucked and partially hanging over the waist portion of his red pants.

Further, the defendant's red pants were visible to members of the jury panel, if at all, only for a very short period of time during voir dire. In particular, the defendant sat at a counsel's table which was positioned along a side wall of the courtroom. The longitudinal axis of the table was perpendicular to the courtroom's viewing gallery, and defendant's counsel sat between defendant and members of the jury panel, who at that time were seated in the viewing gallery. A solid wood partition separates the viewing gallery from the courtroom's counsel tables. Thus, while the defendant was seated at this table, members of the jury panel would not have been able to observe the defendant's lower body and red pants. When his counsel introduced him to

members of the jury panel, the defendant stood for a very short time. It was during this time that the jury may have been able to observe the defendant's red pants.

Moreover, voir dire occurred approximately thirty-nine days prior to the date on which defendant's trial began, November 26, 2012. On the day of trial, and before trial began, this Court brought each juror (including both alternates) separately into the courtroom. This Court then asked each juror whether he or she remembered anything about the defendant's attire on the day in question. Of the fourteen jurors questioned, only two recalled that the defendant wore a "jumpsuit" or "correction-issued pants." The Court excused these jurors from service as a result. Notably, nine jurors had no recollection of the defendant's attire that day, two remembered his shirt, and one asked whether the defendant was wearing "something orange." Thus, in other words, the twelve jurors which served in this case did not recall that the defendant was wearing red, prison-issued pants. The Court finds it unlikely that these twelve jurors were even aware of defendant's custodial status, and there is consequently no evidence that the defendant's presumption of innocence was impaired.

Finally, neither defendant nor his counsel asked the Court for a delay to obtain new clothes, and neither objected to the defendant's attire during voir dire. Rather, the objection occurred twenty-eight days later.[1] In *Williams*, the Supreme Court held that "the State cannot, consistently with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in identifiable prison clothes." *Williams*, 425 U.S. at 512. Notably, however, the

---

[1] It is the Court's standard practice to have the docket clerk send instructions to counsel for indigent defendants advising them that the Court does not provide street clothing for incarcerated inmates and that the defendant and his attorney must make arrangements for street clothing. Apparently, clothing was brought to the courthouse, but the pants were too small for the defendant to wear. The Partman case was the only case for which a jury was selected on the day in question. Had the Court been made aware of the fact that the pants did not fit the defendant, the Court would have readily acquiesced in a slight delay while new pants were obtained. By failing to follow the Court's instructions regarding securing proper street clothing, by failing to ask for a short postponement while new pants were obtained, and by waiting until the eve of trial, twenty-eight days later, to raise the issue, the defendant would appear to have waived his right to complain about his clothing at voir dire.

Supreme Court also stated that "the failure to make an objection to the court as to being tried in such clothes, for whatever reason, is sufficient to negate the presence of compulsion necessary to establish a constitutional violation." *Id.* at 512–13.

Based on the above, the Court finds that the jury panel's brief observation of the defendant's red pants during voir dire did not prejudice the defendant. Consequently, the defendant's motion is denied.

IT IS SO ORDERED.

November 28, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge