IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STANLEY D. PARTMAN<br>a/k/a Goat | CR. No. 3:11-2063-JFA-10<br><br>**ORDER ON MOTION<br>FOR NEW TRIAL** |

This matter comes before the Court on motion of the defendant for a new trial under Rule 33, FED. R. CRIM. P.  *See* ECF No. 788.  This rule allows the Court to vacate any judgment and grant a new trial "if the interest of justice so requires."  For the reasons which follow, the Court finds that the interest of justice does not require a new trial in this case.

The defendant advances five grounds on which he believes the Court should order a new trial.  The first four grounds relate to misconduct allegedly affecting the jury.  Important to the resolution of this motion, however, is that the misconduct complained of is that of defendant himself.  In particular, the defendant alleges that his own disruptive conduct during trial, including his outbursts in front of the jury on two occasions and his physical altercation with his own counsel and the U.S. Marshals,[1] "irreparably tainted" the jury.  Def.'s Mot. New Trial 2, ECF No. 788.

The defendant has no room to complain now.  Prior to trial, the Court's many efforts to accommodate the defendant were taken only as further opportunities for delay.  During trial, the defendant ignored multiple warnings from the Court against such unruly behavior, and he lied to the Court when he said he had no intention of being disruptive.  Thus, this is not a case where the alleged misconduct was unanticipated or unavoidable.  In fact, it appears to this Court that the

---

[1] Additional background information on these incidents and the troublesome history of this case can be found in the Court's orders on the defendant's removal from the courtroom during the final day of trial, ECF No. 787, and on the defendant's competency to stand trial, ECF No. 778, respectively.

defendant deliberately sought opportunities to create a mistrial in this case. If a defendant could obtain a new trial simply by repeatedly disrupting his original trial, in the face of multiple warnings against doing so, few defendants would ever be convicted, and it would be an incredible waste of judicial and taxpayer resources. In short, granting a new trial to this defendant based on his deliberate misconduct would be totally antithetical to the interest of justice.

The fifth ground on which the defendant asserts a new trial is warranted relates to the jury panel's alleged observation of the defendant wearing red, prison-issued pants during voir dire. The Court previously denied the defendant's motion to disqualify the entire jury panel, finding that the defendant could not show that this event actually prejudiced him. *See* ECF No. 779. As explained in that order, prior to trial in this case, the Court brought each juror separately into the courtroom and asked each juror whether he or she remembered anything about the defendant's attire during voir dire, which had occurred some thirty-nine days prior. Only two jurors recalled that the defendant wore a "jumpsuit" or "correction-issued pants," and the Court excused these jurors from service. Nevertheless, the defendant now alleges that the Court seated one juror in this case who "stated to the Court that she [sic] observed an orange/red pants [sic] on the Defendant during the selection." Def.'s Mot. New Trial 1.

As an initial matter, the defendant mischaracterizes the juror's response to the Court's question. Had the juror's response been as the defendant alleges, the Court would have excused this juror like the other two. Instead, as the Court noted in its order on defendant's motion to disqualify the jury panel, the juror's actual response to the Court's question was another question: "Was it something orange maybe?" The Court then asked whether the juror whether there was "anything else" the juror could remember about it, and the juror shook his head

negatively. In other words, the juror did not mention pants, did not mention the color red, and in fact could not remember at all what the defendant was wearing. For these reasons, the Court found that this juror, like the eleven other jurors who served in this case, was most likely unaware of the defendant's custodial status during voir dire and that the defendant's presumption of innocence was not impaired. The defendant's motion for a new trial does not introduce any evidence to the contrary or that any juror in this case was not impartial.

Moreover, as the government noted in its response in opposition, even if a single juror had remembered the defendant wearing prison-issued pants at voir dire, there is still no evidence of an unreliable or unfair outcome in this trial. The defendant was not forced to wear the prison-issued pants; indeed, had the defendant or his counsel asked for a delay to obtain new clothes or objected to the defendant's attire during voir dire, the Court would have been accommodating. Also, at trial, the defendant appeared before the jury in street clothes. Finally, the government presented substantial evidence based on which reasonable jurors could find the defendant guilty on all counts, as the jurors in this case did after careful deliberation.

Consequently, a new trial is not in the interest of justice. The defendant's motion is hereby denied.

    IT IS SO ORDERED.

December 6, 2012                                Joseph F. Anderson, Jr.
Columbia, South Carolina              United States District Judge